IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DEAN JONES,<br>　　　Plaintiff<br><br>vs.<br><br><br>INFOSYS TECHNOLOGIES LIMITED,<br>　　　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Comes now Dean Jones (the "Plaintiff") to submit his original complaint against Infosys Technologies, Limited (the "Defendant") and would respectfully show unto the Court as follows:

## I.
## PARTIES

1.01　Plaintiff is a resident of Collin County, Texas and a citizen of the country of Bermuda.

1.02　Defendant is an entity formed under the laws of the state of California and doing business as a foreign for-profit corporation in the state of Texas. Defendant may be served by serving a copy of the summons and complaint by serving its registered agent, CT Corporation System, at 350 N. St. Paul St., Suite 2900, Dallas, TX 75201.

## II.
## JURISDICTION AND VENUE

2.01　Defendant's offices are located in the City of Plano, Collin County, Texas. Accordingly, Plaintiff's causes of action arose within the geographic area over which this Court

**PLAINTIFF'S ORIGINAL COMPLAINT**　　　　　　　　　　　　　　　　　　　　　　　　　1

has jurisdiction as both jurisdiction and venue are proper in this Court. Additionally, this Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§1331, 1343, 1367, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and section 21 *et. seq.* of the Texas Commission on Human Rights Act ("TCHRA") which prohibit discrimination based upon race.

## III.
## STATEMENT OF FACTS

3.01   Plaintiff is a Bermudian national of African descent who initiated his employment with Defendant on or about October 2011 as an Engagement Manager where he was provided with salary wages and benefits in the form of health insurance, paid vacations, sick leave, and personal leave.

3.02   Plaintiff was subsequently terminated from his position on January 17, 2013. Notwithstanding a relatively short term with Defendant, Plaintiff performed his duties as an engagement manager faithfully, competently and diligently.

3.03   Contrary to the purported reasons given to Plaintiff for his discharge, Defendant's decision to terminate Plaintiff's employment was in fact the culmination of a continued pattern and practice of race discrimination as exhibited by the culture and pervasive acts of discrimination and harassment committed by Plaintiff's supervisors.

3.04   More specifically, Plaintiff was subjected to the following:

3.05   On or about October, 2011, Plaintiff was hired to replace the existing Engagement manager, Sai Suresh, who fell out of favor with Defendant's customer, Axis Capital Holdings.

3.06   Prior to a scheduled meeting with Axis's Senior Level Management team, Plaintiff was to work with Mr. Suresh to familiarize himself with the Axis account but was never

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                          2

allowed to do so. Plaintiff never had an opportunity to analyze the Axis account nor develop a more "robust" plan to grow the account despite being informed by Defendant's management that this would be an important account to grow with.

3.07   During the same month, Plaintiff entered a meeting with Defendant's vice president, Rajeev Batra and representatives of Axis that included some of Axis' higher ranking personnel to cover the account.

3.08   Subsequently, Plaintiff discovered that the Axis account had been designated as a "high risk account." Prior to Plaintiff's hire date, Mr. Rajeev made promises to Axis outside the legal framework of the contract. Mr. Batra then assigned the Axis contract to Plaintiff so he could immediately fail.

3.09   On the day of the first meeting, Plaintiff realized that the meeting was the catalyst for the hostile work environment by Mr. Batra and eventually Plaintiff became the "fall guy" for the negative issues surrounding the Axis account. This created a shift in blame for a non-performing account from Mr. Suresh to Plaintiff.

3.10   Prior to Plaintiff's employment, issues existed on overstaffing and lack of diligence towards the Axis account which caused Axis to reduce the staffing needs, and thus reduced the profits derived by Defendant. Without cause, Mr. Batra blamed Plaintiff for the reduction in staffing.

3.11   From there, Mr. Batra recommended that Mr. Suresh step in and take over the Axis account from Plaintiff.

3.12   Plaintiff complained to Mr. Batra and to other senior level managers at Infosys regarding this treatment. Rather than investigate the matter, Plaintiff was subjected to repeated demands to cease working with Axis customer even though Plaintiff was building this

**PLAINTIFF'S ORIGINAL COMPLAINT**

relationship on behalf of Defendant. Plaintiff's complaints were also met with suspension of his accounts, and denial of a transfer which would have garnered increased income. As Plaintiff discovered, his hire was actually a stop gap measure to allow Mr. Suresh to attain a work visa, whereby Mr. Suresh was still listed as the manager for the Axis account while Plaintiff served as the scape goat on all the issues regarding the account. In essence, Defendant desired that Mr. Suresh, as an Indian national, take the place over Plaintiff, as a Bermudian national of African descent for this position.

3.13    Ultimately, Plaintiff filed a charge of discrimination on November 13, 2012 with the Texas Workforce Commission Civil Rights Division citing race discrimination and harassment based upon Plaintiff's national origin. From that period, Plaintiff was suspended from any activity with Defendant. Then, on January 17, 2013, after a series of inquiries on when Plaintiff would return to work, Defendant terminated Plaintiff from his position.

## IV.
## PLAINTIFF'S FIRST CAUSE OF ACTION
### Race Discrimination, Harassment & Hostile Environment

4.01    The foregoing paragraphs of this Complaint are incorporated in this cause by reference as fully as if set forth at length herein.

4.02    This action is brought under Title VII of the Civil Rights Act of 1964 which prohibits discrimination based upon race. In the instant case, such discriminatory practices occurred in Dallas County, Texas. All procedural requirements by both state and federal law to bring this action within the jurisdiction of this Court have been met, as waivers and notice of right to sue have been obtained from the United States Government through its agent, the Equal Employment Opportunity Commission. (Said waivers are attached to this Complaint as Exhibit "A" and incorporated thereby as if fully set forth at length herein.)

4.03 Plaintiff was an employee of Defendant who harassment and a hostile work environment at the hands of his supervisors.

4.04 Defendant, through its agents, has consistently applied its employment policies in a manner that is detrimental to Plaintiff.

4.05 Specifically, Defendant, by and through its agents, directed harassing and degrading actions to Plaintiff based upon Plaintiff's race and created a hostile work environment for Plaintiff. In addition, Defendant violated Plaintiff's employment rights by ultimately terminating Plaintiff without cause.

4.06 Although Defendant was clearly aware of its discriminatory practices, it failed to take any effective steps whatsoever to protect Plaintiff from this aforementioned treatment.

4.07 As a direct and proximate result of Defendants' intentional breach of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and of the laws of the State of Texas which prohibit discriminatory employment practices, Plaintiff has suffered actual damages in excess of the minimal jurisdictional limits of the Court.

## V.
## PLAINTIFF'S SECOND CAUSE OF ACTION
### Retaliation

5.01. The foregoing paragraphs of this Complaint are incorporated in this cause by reference as full as if set forth at length herein.

5.02. Defendant has further engaged in a continuing pattern of unlawful conduct against Plaintiff in retaliation for having opposed Plaintiff's unlawful employment practices in the following respects:

   a. Engaging in a pattern of retaliatory actions aimed at Plaintiff after he reported acts of discrimination and hostile work environment;

b.  Subjecting Plaintiff to hostile work environment for having reporting acts of discrimination and hostile work environment; and

c.  Ultimately terminating Plaintiff for unsubstantiated infractions.

5.03. Defendant engaged in the conduct described above with malice or reckless disregard for Plaintiff's employment rights protected under Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964. These actions were further taken in retaliation for Plaintiff's complaining of harassment and because Plaintiff submitted complaints against his supervisor for engaging in such acts.

## VI.
## REQUEST FOR TRIAL BY JURY

6.01 Plaintiff asserts its right to a trial by jury pursuant to Fed. R. Civ. P. 38(b) and 39(a).

**WHEREFORE**, premises considered, Plaintiff respectfully requests that Defendant, Infosys Technologies Limited be cited to appear and answer and that Plaintiff shall have the following relief against Defendant.

1.  Actual damages in excess of the minimum jurisdictional limits of this Court for lost wages, bonuses and benefits, plus interest at the legal rate;

2.  An award of pre-judgment and post judgment interest on all amounts awarded pursuant to Plaintiffs claims;

3.  Award Plaintiff his attorney fees, including litigation expenses, and the costs of this action;

4.  An award of punitive damages;

5.  Costs of Court.

6.  Such other and further relief to which Plaintiff may be justly entitled.

**PLAINTIFF'S ORIGINAL COMPLAINT**  6

Respectfully Submitted,
LAW OFFFICES OF KEVIN S. WILEY, JR.

By: /s/ Kevin S. Wiley, Jr.
Kevin S. Wiley, Jr.
State Bar No. 24029902
1409 S. Lamar St., Suite 711
Dallas, Texas 75215
Telephone: (214) 426-3906
Telecopier: (214) 426-3934

**ATTORNEY FOR PLAINTIFF**